# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JEFFREY EUGENE HAAS, <br><br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA. | No. C12-0097-LRR <br> No. CR07-0026-LRR <br><br> ORDER |

This matter appears before the court on Jeffrey Eugene Haas's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket nos. 1 & 2). Jeffrey Eugene Haas ("the movant") filed such motion on October 1, 2012. Also before the court is the movant's motion to appoint counsel (civil docket no. 3), filed on August 19, 2013, and motion to amend (civil docket no. 4), filed on August 19, 2013.

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 28 U.S.C. § 2255, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447 (8th Cir. 1964))). Because a cursory review of the movant's claims suggests that they do not entitle the movant to relief, there is no reason to appoint an attorney. Accordingly, the movant's motion to appoint counsel (civil docket no. 3) is **DENIED**.

Concerning the movant's motion to amend, the movant is not able to rely on *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013), because the Supreme Court has not made it retroactive to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). The movant cites to no case in which the Supreme Court has declared its decision in *Descamps* to be retroactively applicable on collateral review and the court's own search has not revealed any cases that have applied *Descamps* retroactively to a case on collateral review. *Cf. United States v. Hairston*, 2014 U.S. Dist. LEXIS 38683 (W.D. Va. 2014); *United States v. Davis*, 2014 U.S. Dist. LEXIS 34879 (N.D. Ill 2014); *Hunter v. United States*, 2014 U.S. Dist. LEXIS 28755 (E.D. Okla. 2014); *Wilson v. Holland*, 2014 U.S. Dist. LEXIS 16277 (E.D. Ky. 2014); *Hoskins v. Coakley*, 2014 U.S. Dist. LEXIS 7671 (N.D. Ohio 2014); *United States v. Copeland*, 2014 U.S. Dist. LEXIS 1921 (N.D. Okla. 2014); *Monroe v. United States*, 2013 U.S. Dist. LEXIS 168904 (N.D. Tex. 2013); *Baldwin v. United States*, 2013 U.S. Dist. LEXIS 167124 (D. Md. 2013); *Strickland v. English*, 2013 U.S. Dist. LEXIS 119371 (N.D. Fla 2013). Nevertheless, the movant asserted in his original motion that counsel failed to properly address what information could or could not be used to determine whether he qualified as a career offender. So, the movant is free to argue such point and the government should address the movant's arguments in its resistance. Accordingly, the motion to amend (civil docket no. 4) is **GRANTED** in part and **DENIED** in part.

Having conducted its preliminary consideration of the movant's § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court concludes that the movant's claims should be briefed. The parties are **DIRECTED** to respond in the following manner:

> 1. The government is directed to file a brief in response to the movant's § 2255 motion on or before June 5, 2014. The government may attach relevant exhibits to its brief.

> 2. If he so chooses, the movant is directed to file a brief in reply to the government's response on or before July 3, 2014.

The movant raises at least one claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied). Therefore, counsel whose representation is challenged is **DIRECTED** to file with the court an affidavit that responds only to the movant's specific allegation(s) of ineffective assistance of counsel. Such affidavit must contain all of the information that counsel reasonably believes is necessary to respond to the movant's specific allegation(s). In addition, counsel is **DIRECTED** to attach to, or include with, his or her affidavit all of the documents that he or she reasonably believes are necessary to respond to the movant's allegation(s). This court-supervised response to the movant's allegation(s) must be filed with the court on or before May 5, 2014. The clerk's office is directed to provide a copy of this order to the movant's former counsel.[1] After defense counsel complies with the

---

[1] The American Bar Association provides guidance as to when an attorney may reveal information that relates to the representation of a client who alleges ineffective assistance of counsel. Specifically, the ABA, in relevant part, states:

(continued…)

3

court's directives, the clerk's office is directed to serve both parties with a copy of the documents that defense counsel files.

**IT IS SO ORDERED**.

**DATED** this 4th day of April, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1](…continued)
> [a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary [. . .] to respond to allegations in any proceeding concerning the lawyer's representation of the client [or] to comply with other law or a court order.

ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)-(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15 (addressing disclosures that are adverse to the client). Concerning Model Rule 1.6, counsel is advised to read ABA Formal Opinion 10-456, Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim. *See* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010). It may be accessed at the following website: http://www.americanbar.org/content/dam/aba/migrated/2011_build/professional_responsibility/ethics_opinion_10_456.authcheckdam.pdf. Alternatively, such opinion may be accessed by visiting the ABA's website and typing into the search feature "10-456". If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response that specifically states the reasons for his or her conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.

4