# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

JEFFERY EUGENE HAAS,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. 12-CV-97-LRR
No. 07-CR-26-LRR

**ORDER**

---

The matter before the court is Jeffery Eugene Haas's ("the movant") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion") (civil docket no. 1). The movant filed the Motion on October 1, 2012.[1] On April 4, 2014, the court directed the government to brief the claims that the movant included in the Motion and directed the movant's counsel, Webb Wassmer, to file an affidavit responding to the claims made in the Motion. *See* April 4, 2014 Order (civil docket no. 6) at 2-3. On May 5, 2014, counsel filed an Affidavit (civil docket no. 10). On June 23, 2014, counsel filed a Supplemental Affidavit (civil docket no. 14). On June 25, 2014, the government filed a Resistance to the Motion (civil docket no. 15). On July 3, 2014, the movant filed a Reply to the Resistance (civil docket no. 16).

---

[1] In the Motion, the movant alleges that he received ineffective assistance because counsel: (1) failed to object to information used by the court at sentencing to determine the movant's career offender status; (2) advised the movant to go to trial because he would not be convicted; and (3) failed to convey to the movant a cooperation plea agreement. Further, the movant alleges that the court impermissibly declined to appoint retained counsel between conviction and sentencing because he did not have the ability to pay counsel.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, the court can dismiss a 28 U.S.C. § 2255 motion without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding that "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record" and, therefore, the court "was not required to hold an evidentiary hearing" (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980))). The evidence of record conclusively

demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that the movant's assertions fail because counsel represented the movant in a manner that comports with the requirements of the Sixth Amendment. As such, the court finds no need for an evidentiary hearing.

With respect to the merits of the movant's claims, the court deems it appropriate to deny the Motion for the reasons stated in the government's Resistance. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concluded that the movant may not raise claims already decided on direct appeal and that the movant's ineffective assistance of counsel claims are without merit.

Moreover, the court thoroughly reviewed the record and finds that dismissing the movant's claims comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). The movant's claims do not justify relief.

The court appropriately sentenced the movant. The court's application of the advisory sentencing guidelines violates no constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)); *United States v. Garcia-Gonon*, 433 F.3d 587, 593 (8th Cir. 2006) (finding challenges based on the Fifth Amendment and the Sixth Amendment to be unavailing because sentence-enhancing facts need only be found by a preponderance

of the evidence and uncharged relevant conduct may be considered so long as the sentence does not exceed the statutory maximum for the offense); *cf. Alleyne v. United States*, ___ U.S. ___, ___, 133 S. Ct. 2151, 2158 (2013) (requiring a jury to find facts that increase a mandatory minimum sentence beyond a reasonable doubt).

In addition, the court concludes that counsel's conduct fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Thus, the movant has failed to establish an ineffective assistance of counsel claim. *See id*. at 687 (holding that, to establish an ineffective assistance of counsel claim, the movant must first "show that counsel's performance was deficient" and then "show that the deficient performance prejudiced the defense"); *see also Morelos v. United States*, 709 F.3d 1246, 1249-50 (8th Cir. 2013) ("To succeed on a claim of ineffective assistance of trial counsel, a defendant must prove 1) [the defendant's] attorney's performance was . . . deficient . . . and 2) [the defendant] suffered such prejudice stemming from the deficient performance there is a reasonable probability the proceeding would have had a different result." (citing *United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001))).

In the Motion, the movant makes several specific claims as to why the court should vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. First, the movant claims that counsel was ineffective because he failed to object to information used by the court at sentencing to determine the movant's career offender status. As to the movant's status as a career offender, counsel argued at sentencing that the government failed to show that the movant's burglary conviction contained in paragraph 88 of the Presentence Investigation Report (criminal docket no. 130) was a predicate felony, and he argued on direct appeal that "[f]rom the allowable information, this [c]ourt cannot determine whether a building or anything equivalent to a 'dwelling' was broken into." Defendant-Appellant Brief at 62, *United States v. Haas*, 623 F.3d 1214 (8th Cir. 2010) (No. 08-4012). The

Eighth Circuit Court of Appeals rejected this argument. *See United States v. Haas*, 623 F.3d 1214, 1220 (8th Cir. 2010).[2] Because the movant's "claim was 'raised and decided on direct appeal,' it cannot be relitigated . . . in [a] petition for postconviction relief under § 2255." *United States v. Lee*, 715 F.3d 215, 224 (8th Cir. 2013) (quoting *Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012)). Accordingly, this claim is without merit and the movant is not entitled to relief.

Second, the movant argues that counsel was ineffective for wrongly advising the movant that he would never be convicted at trial. The record contradicts this claim. In his Affidavit, counsel states that the movant "was aware that it was a certainty that he would be convicted of Count 2 (theft of property belonging to a bank), and whether he would be convicted of Count 1 (bank burglary) depended on whether the [convenience store] was found to meet the statutory definition of 'bank.'" Affidavit at 2. Counsel also states that the movant's "factual guilt in being involved in stealing the ATM from the [convenience store] was not in dispute" and that "[t]he evidence that he had participated in stealing the ATM was overwhelming." *Id.* Counsel submitted to the movant a pretrial evaluation letter that informed the movant that "[a] jury will convict you on Count 2." Pretrial Evaluation Letter (civil docket no. 10-1) at 2. At the end of the letter, counsel

---

[2] The movant also argued at sentencing that the court should apply the modified categorical approach and find that the burglary conviction contained in paragraph 88 of the Presentence Investigation Report was not a crime of violence. The court instead assumed the facts stated in the Presentence Investigation Report were true because they were not objected to. *See United States v. Haas*, 599 F. Supp. 2d 1061, 1073 (N.D. Iowa 2008). The court agrees with the government that not objecting to the underlying facts contained in the Presentence Investigation Report was a reasonable strategy by counsel to bolster counsel's argument that the movant should receive a sentencing reduction for acceptance of responsibility. Thus, even if the Eighth Circuit had not directly addressed this argument on appeal, the movant's claim would still be without merit. *See Forsyth v. Ault*, 537 F.3d 887, 892 (8th Cir. 2008) ("Trial counsel's strategic decisions are 'virtually unchallengeable unless they are based on deficient investigation . . . .'" (quoting *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006))).

informed the movant that, "[b]ased on everything I presently know, I would put the chance of the jury finding the convenience store is not a bank at 50/50. The chance of you being found to be a career offender is 80-90%." *Id.* at 4. Moreover, counsel states that he "personally met [with the movant] prior to trial . . . to discuss the evidence against him . . . ." Affidavit at 2. Accordingly, counsel did not represent to the movant that he would never be convicted at trial, did not perform deficiently and this claim is without merit.

Third, the movant argues that counsel was ineffective for failing to notify him of a cooperation plea agreement proposed by the government. The record contradicts the movant's claim. Counsel states that the government mailed a proposed plea agreement dated April 17, 2007, and the proposed plea agreement was scanned into counsel's firm's document management system on April 19, 2007. Counsel goes on to state that

> [g]iven the likely receipt on or about April 19th[, 2007], with a meeting scheduled for the following Monday, April 23rd, I believe I handed [the movant] a copy of the proposed [p]lea [a]greement at the meeting rather than mailing it to him. It would be my normal practice to provide the client with a copy of any proposed [p]lea [a]greement received from the [g]overnment.

Supplemental Affidavit at 2. Moreover, in the Pretrial Evaluation Letter, dated May 16, 2007, and mailed to the movant, counsel informed the movant that the government's

> plea proposal is that you plead to the bank robbery (Count 1) and agree to career offender status in exchange for no additional prosecution by the United States and, if [the government] can get it, an agreement from the State for no additional prosecution. [The government] is not going to agree to anything that does not involve a plea to Count 1. [The government] is willing to litigate career offender status.
>
> [The government] would also want you to cooperate against others <u>without</u> any reduction in your sentence for cooperation. While the latter point might be negotiable, Judge Reade does not give much of a reduction for cooperation. Further, defendants who cooperate sometimes end up with a longer

6

> sentence because of what they've said. My general recommendation is to not cooperate. I do not see any particular benefit to you in cooperating. In particular, I'm concerned about your statements upping your sentence on any future conviction relating to stolen motorcycles or identifying some federal offense that [the government] doesn't presently know about. [The government] did say that if you do not voluntarily cooperate, [it] may seek a court order compelling you to cooperate. However, if [it] does that, you would then have immunity from prosecution (at least in federal court) regarding anything you testify to in front of the grand jury.

Pretrial Evaluation Letter at 2 (emphasis in original). Counsel also listed the various sentences that the movant faced under different scenarios. *See id.* at 2-3. Counsel "note[s] that the plea terms outlined in [his] letter of May 16th are substantially the same as the proposed [p]lea [a]greement." Supplemental Affidavit at 3. Counsel states that the movant "was not willing to enter a plea to Count 1 as proposed by the [g]overnment, largely due to the probability of him receiving a career offender sentence" and that the movant instead opted "to proceed to trial on Count 1 to argue whether the [convenience store] constituted a 'bank.'" Affidavit at 5. Given the record, the court concludes that counsel did not perform deficiently when he effectively communicated the proposed plea agreement to the movant, and the movant opted to go to trial.

Moreover, the movant cannot establish prejudice. Counsel related to the movant in his pretrial evaluation letter that cooperating with the government carries risks because "defendants who cooperate sometimes end up with a longer sentence because of what they said. . . . In particular, I'm concerned about your statements upping your sentence on any future conviction relating to stolen motorcycles or identifying some federal offense that [the government] doesn't presently know about." Pretrial Evaluation Letter at 2. In his affidavit, counsel continued:

> The cooperators had informed the [g]overnment of numerous burglaries and thefts committed by them and [the movant].

> One of my strong concerns at sentencing was that the [c]ourt would conclude that a lengthy sentence was necessary to protect the public from future thefts/burglaries by [the movant]. . . . Cooperation may have drawn additional attention to the uncharged burglaries and thefts committed by [the movant].

Affidavit at 7-8. Thus, had the movant entered into the government's proposed plea agreement, it is likely that he would have received a much higher sentence than what he ultimately received, especially if this additional criminal conduct came to light and he did not receive protection from prosecution pursuant to USSG §1B1.8. Because the movant is unable to show that counsel performed deficiently or that he suffered prejudice by not entering into a cooperation plea agreement, this claim is without merit, and the movant is not entitled to relief.

Fourth, the movant argues that the court impermissibly declined to appoint retained counsel between the movant's conviction and sentencing because he was detained and could not afford to pay counsel. However, the court's decision not to pay counsel to represent the movant between the movant's conviction and the movant's sentencing "cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255" because it was "raised and decided on direct appeal." *Lee*, 715 F.3d at 224 (quoting *Davis* 673 F.3d at 852); *see also Haas*, 623 F.3d at 1221 (holding on direct appeal in the instant case that the court did not err in denying the movant's request for the court to appoint retained counsel between conviction and sentencing). Accordingly, this claim is without merit and the movant is not entitled to relief.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(B). A district court possesses the authority to issue certificates of

appealability under 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000) (per curiam); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the movant must demonstrate that the issues are debatable among reasonable jurists, a court could resolve the issues differently or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in the Motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a

certificate of appealability. Accordingly, the court shall deny a certificate of appealability. If the movant desires further review of the Motion, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

(1) The movant's 28 U.S.C. § 2255 motion (civil docket no. 1) is denied.

(2) A certificate of appealability is denied.

**DATED** this 21st day of July, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA